1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VIRAVETH KOC,

                              Petitioner,

        v.

MERRICK GARLAND, *et al.*,

                              Respondents.

Case No. C24-1355-JLR-SKV

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Petitioner Viraveth Koc is currently detained by U.S. Immigration and Customs

Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma,

Washington.  He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking

release from custody.  Dkt. 1.  Petitioner, who is proceeding through counsel, asserts that he is

entitled to release because his detention by ICE has become indefinite within the meaning of

*Zadvydas v. Davis*, 533 U.S. 678 (2001).  *See id*. at 3.  The Government has filed a return

memorandum and motion to dismiss, and a supporting declaration by ICE Deportation Officer

Cristhian De Castro.  Dkts. 8, 8-1.  Petitioner has not filed any response to the motion to dismiss.

The Court, having considered the parties' submissions and the governing law, concludes that the

REPORT AND RECOMMENDATION
PAGE - 1

Government's motion to dismiss should be granted, Petitioner's federal habeas petition should be denied, and this action should be dismissed.

## II.    BACKGROUND

Petitioner is a native and citizen of Cambodia.  De Castro Decl. (Dkt. 8-1), ¶ 4.  Petitioner was admitted to the United States as a refugee on May 24, 1981, and he adjusted his status to that of a lawful permanent resident on June 2, 1987.  *See id.*  On March 16, 2005, Petitioner was convicted in King County Superior Court of one count of rape of a child in the first degree and two counts of rape of a child in the second degree.  *See id.*, ¶ 5; *State of Washington v. Viraveth Koc*, No. 04-1-03379-5, *available at* https://dja-prd-ecexap1.kingcounty.gov (last accessed Nov. 23, 2024).  Petitioner was sentenced on April 29, 2005, to a term of 216 months' confinement. *See id.*

On January 18, 2024, Petitioner was transferred into ICE custody at the NWIPC, and the Office of Enforcement and Removal Operations ("ERO") served Petitioner with a Notice to Appear ("NTA").  De Castro Decl., ¶ 6.  Petitioner was charged in the NTA with being removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony relating to sexual abuse of a minor, and pursuant to 8 U.S.C. § 1227(a)(2)(E)(i), for having been convicted of a crime of child abuse, neglect, or abandonment.  *See id.*  The NTA was thereafter filed with the Executive Office for Immigration Review, which resulted in Petitioner being placed in removal proceedings.  *Id.*

Petitioner appeared before an immigration judge ("IJ") for removal proceedings on January 23, 2024.  De Castro Decl., ¶ 7.  At that hearing, Petitioner waived his right to an attorney, conceded the charge of removability, waived his ability to apply for relief from removal, and was ordered removed to Cambodia.  *See id.*  Petitioner waived his right to appeal

REPORT AND RECOMMENDATION
PAGE - 2

1    the IJ's decision, and his removal order thus became administratively final on January 23, 2024.

2    *See id.*

3    On March 27, 2024, ERO Seattle served Petitioner with instructions regarding what he

4    needed to do to assist in obtaining a travel document ("TD") for his removal. De Castro Decl.,

5    ¶ 8. On April 2, 2024, Removal and International Operations ("RIO") advised ERO that because

6    there are tentative removals to Cambodia, a TD request should be submitted for Petitioner. *Id.*,

7    ¶ 9. Petitioner's TD application was uploaded to the Electronic Travel Document database on

8    May 7, 2024, pending review by the Cambodian Consulate. *Id.*, ¶ 11.

9    On June 6, 2024, ERO Seattle interviewed Petitioner for purposes of his Post Order

10   Custody Review, and ERO's recommendation for continued detention was sent to the

11   Supervisory Deportation and Detention Officer ("SDDO") for review the same day. De Castro

12   Decl., ¶ 12. On August 1, 2024, ERO served Petitioner with notice that the SDDO had approved

13   his continued detention as he presented a danger to the public. *Id.*, ¶ 14.

14   On August 7, 2024, after Petitioner's TD application had been updated at the request of

15   the Cambodian Consulate and Petitioner had provided additional information in relation to his

16   application, Petitioner's TD request was submitted to the Royal Government of Cambodia

17   ("RGC"), accompanied by a request that the RGC schedule an interview for Petitioner. *See* De

18   Castro Decl., ¶¶ 14, 15. Petitioner had his interview with the Cambodian Consulate on August

19   30, 2024. *Id.*, ¶ 17. On September 10, 2024, the RIO-DDO advised ERO Seattle that Petitioner

20   had had a successful interview with the Consulate, and on September 30, 2024, ERO Seattle was

21   advised that Petitioner's TD was expected to be processed on October 1, 2024. *Id.*, ¶¶ 18, 19.

22   Petitioner's TD was mailed to ERO on October 1, 2024. *Id.*, ¶ 20.

23

REPORT AND RECOMMENDATION
PAGE - 3

ICE Deportation Officer De Castro attests in his declaration that as of October 2, 2024, ERO Seattle was awaiting arrival of Petitioner's TD.  De Castro Decl., ¶ 20.  Deportation Officer De Castro further attests that once the TD is obtained, ERO will work with the travel coordinator to book a commercial flight to Cambodia, a process that typically takes about a month depending on flight availability.  *Id.*, ¶ 21.

Petitioner filed his federal habeas petition on August 27, 2024, seeking release from custody on the grounds that there is no substantial likelihood his removal will be effectuated in the reasonably foreseeable future.  *See* Dkt. 1 at 3, 5.  Petitioner asserts in his petition that Cambodia does not grant travel document requests for people such as him who are deemed "undesirable" and that, as of the date his habeas petition was filed, ICE had been unable to persuade Cambodia to even interview him.  *Id*. at 3.  Petitioner further asserts that ICE knows it will not be able to deport him in the reasonably foreseeable future, which renders his continued detention purely punitive and therefore violative of his constitutional rights.  *Id*.

The Government argues that Petitioner's "post-order" detention is authorized by statute, and that it is constitutional because Petitioner has not demonstrated he is not significantly likely to be removed in the "reasonably foreseeable future."  Dkt. 8.  The Government thus requests that Petitioner's petition be denied and that this matter be dismissed.  *Id*.  As noted above, Petitioner has not filed any opposition to the Government's motion to dismiss.

### III.    DISCUSSION

Title 8 U.S.C. § 1231 governs the detention and release of noncitizens such as Petitioner who have been ordered removed.  Under § 1231(a), the Department of Homeland Security ("DHS") is required to detain a noncitizen during the 90-day "removal period."  8 U.S.C.

§§ 1231(a)(2), (a)(1)(B).  In this case, the removal period began on the date Petitioner's removal order became administratively final, January 23, 2024, and expired 90 days later on April 22, 2024.  *See* 8 U.S.C. § 1231(a)(1)(B)(i).

After the removal period expires, DHS has the discretionary authority to continue to detain certain noncitizens, including those who are removable under § 1227(a)(2), or to release them on supervision.  8 U.S.C. § 1231(a)(6).  DHS also has the authority to detain beyond the removal period a noncitizen who has been determined "to be a risk to the community or unlikely to comply with the order of removal" *Id.*  As noted above, Petitioner conceded removability under § 1227(a)(2) at his hearing before an IJ, and ICE subsequently determined as a part of a Post Order Custody Review that Petitioner posed a danger to the public.  *See* De Castro Decl., ¶¶ 6-7, 12, 14.  Petitioner's detention therefore comports with the statute.

Although § 1231(a)(6) authorizes ICE to detain Petitioner, it cannot do so indefinitely.  In *Zadvydas*, the Supreme Court held that § 1231(a)(6) implicitly limits a noncitizen's detention to a period reasonably necessary to bring about that individual's removal from the United States and does not permit "indefinite" detention.  *Zadvydas*, 533 U.S. at 701.  The Supreme Court determined that it is "presumptively reasonable" for DHS to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual from the United States.  *Id*.  "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id*.  If the Government fails to rebut the noncitizen's showing, the noncitizen is entitled to habeas relief.  *Id*.

The six-month presumption "does not mean that every [noncitizen] not removed must be released after six months. To the contrary, [a noncitizen] may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Nevertheless, "for detention to remain reasonable, as the period of prior post removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

In this case, the presumptively reasonable six-month period expired on or about July 23, 2024, approximately four months ago. While Petitioner asserts in his petition that his removal is unlikely given Cambodia's policy of not issuing travel documents to individuals such as himself, the Government has presented evidence through the declaration of Deportation Officer De Castro demonstrating that travel documents have been issued for Petitioner and that, as of the date the declaration was executed, ERO was merely awaiting receipt of the documents so that travel arrangement could be made. Petitioner offers no evidence or argument rebutting that presented by the Government.

Though Petitioner has at this point been detained beyond the presumptively reasonable six-month period, this Court concludes, based on the evidence presented by the Government, that it is significantly likely Petitioner's removal will occur in the reasonably foreseeable future if, indeed, it has not already occurred. Accordingly, Petitioner is not entitled to habeas relief.

## IV.    CONCLUSION

Based on the foregoing, this Court recommends that the Government's motion to dismiss (Dkt. 8) be GRANTED, Petitioner's federal habeas petition (Dkt. 1) be DENIED, and this action be DISMISSED. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed.  Responses to objections may be filed by **the day before the noting date**.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **December 17, 2024**.

DATED this 26th day of November, 2024.


S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 7